UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

2009 DEC 11 A 10: 05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Case No. _____

3:09-cv-1222-J-34HTS

PHL VARIABLE INSURANCE COMPANY,

Plaintiff,

vs.

THE EDWIN FULD LIFE INSURANCE TRUST NOVEMBER 2007, by and through its trustee of record, ROBERT D. WILCOX, ESQ.,

Defendant.

## PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against The Edwin Fuld Life Insurance Trust November 2007 by and through its trustee, Robert D. Wilcox, Esq., as follows:

## I.
## PARTIES

1. Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in Florida. Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant, The Edwin Fuld Life Insurance Trust November 2007 (the "Trust" or "Defendant"), is a trust organized under the laws of Florida and is a citizen of Florida within the meaning and intent of 28 U.S.C. § 1332. The Trust may be served through its Trustee, Robert D. Wilcox, Esq. ("Trustee"), at his business address, 6817 Southpoint Parkway, Suite 1302,

PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S
ORIGINAL COMPLAINT– PAGE 1

Jacksonville, FL 32216. On information and belief, Trustee Wilcox is the only trustee and is a resident of Florida.

## II.
## JURISDICTION AND VENUE

3. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because Phoenix and the Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs. Defendant is subject to the personal jurisdiction of this Court.

4. This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

5. Venue is proper for this action pursuant to 28 U.S.C. §1391, since the Trust is a citizen of Florida, its Trustee is located in Duval County, and the insurance Policy at issue is governed by Florida law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of Florida.

## III.
## FACTUAL BACKGROUND

6. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

7. On or about November 16, 2007, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Edwin Fuld ("Fuld").

8. In completing the Application, Fuld and the Trust provided Phoenix with material information regarding, among other things, Fuld's net worth and income. In completing the application, Fuld and the Trust knew that they were required to provide complete, accurate and honest answers to the questions presented on the Application. Fuld and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Fuld was insurable and qualified for the insurance sought through the Application.

9. Fuld and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Fuld's net worth and annual income. In response to these questions, the Application represented that Fuld had a net worth of $68,800,000 and other annual income of $6,900,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

10. Additionally, during the application process, Fuld and the Trust represented that the life insurance was being sought for "estate planning." This statement was false and was material to Phoenix's acceptance of the risk assumed.

11. The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

12. On the basis of the statements and representations on the Application and in reliance upon Fuld's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix issued life insurance policy number 97525887 (the "Policy") to the Trust, with an effective date of December 12, 2007. The Policy's death benefit is $15,000,000.

13. Upon information and belief, contrary to the representations contained on the Application, Fuld did not have a net worth of $68,800,000 or an annual unearned income of $6,900,000 on the date of the Application. Phoenix asserts that the statements made during the application process with respect to Fuld's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

14. Had Fuld and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to, commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

15. Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## IV.
## DECLARATORY JUDGMENT

16. Phoenix incorporates herein each of its allegations contained in paragraphs 1–15 above.

17. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that Fuld and the Trust made on the Application, and as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

18. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

19. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

## V.
## CONCLUSION

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, PHL Variable Insurance Company demands judgment against The Edwin Fuld Life Insurance Trust November 2007 as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing policy Number 97525887 to be null and void and rescinded, *ab initio*;

(b) an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c) an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sales representatives arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d) an order awarding costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

(e) an order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated: December 10, 2009

PETT FURMAN, PL
Attorneys for Plaintiff
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

By: /s/ Wendy L. Furman
WENDY L. FURMAN
Fla. Bar No. 0085146
wfurman@pettfurman.com

ATTORNEYS FOR PLAINTIFF PHL VARIABLE INSURANCE COMPANY

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

Thomas F.A. Hetherington
Texas Bar No. 24007359
Jarrett E. Ganer
Texas Bar No. 24055520
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jarrett.ganer@emhllp.com