## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**PHL VARIABLE INSURANCE COMPANY,**

        **Plaintiff,**

**vs.**                          **Case No. 3:09-cv-1222-J-34HTS**

**THE EDWIN FULD LIFE INSURANCE TRUST NOVEMBER 2007, by and through its trustee of record, ROBERT D. WILCOX, ESQ.,**

        **Defendant.**

_____/

### PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S
### FIRST AMENDED COMPLAINT

PHL Variable Insurance Company, by and through its attorneys, files this First Amended Complaint against The Edwin Fuld Life Insurance Trust November 2007 by and through its trustee, Robert D. Wilcox, Esq., as follows:

### I.
### PARTIES

1.    Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in Florida. Phoenix is organized under the laws of Connecticut and its principle place of business is located in Hartford, Connecticut.

2.    Upon information and belief, Defendant, The Edwin Fuld Life Insurance Trust November 2007 (the "Trust" or "Defendant"), is a trust organized under the laws of Florida. Upon information and belief, the trust's sole grantor is Edwin Fuld and its sole beneficiary is Erika Fuld. Edwin Fuld and Erika Fuld are citizens of either the state of New York, with a primary residence located at 15328 80th Street, Jamaica, NY 11414 or of Florida, with a primary

residence located at 21055 Yacht Club Dr. #502, Aventura, FL 33180.[1]  The Trust may be served

through its Trustee, Robert D. Wilcox, Esq. ("Trustee"), at his business address, 6817 Southpoint

Parkway, Suite 1302, Jacksonville, FL 32216.  Upon information and belief, Trustee Wilcox is

the Trust's sole trustee and is a citizen of the state of Florida, with a primary residence resides at

7999 Little Fox Lane, Jacksonville, FL 32256.

## II.
## JURISDICTION AND VENUE

3.      This court has jurisdiction over all parties of this lawsuit under 28 U.S.C.

§1332(a)(1) because Phoenix and the Trust are citizens of different states, and the amount in

controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4.      Phoenix is a corporation organized under the laws of the state of Connecticut and

has its principal place of business in Connecticut.  As such, for diversity purposes, Phoenix is a

citizen of the state of Connecticut.

5.      Upon information and belief, the Trust is organized under the laws of Florida, the

trust's sole grantor and sole beneficiary are residents of either Florida or New York, and the sole

Trustee is a resident of the state of Florida.  As such, for diversity purposes, the Trust is a citizen

of the state of Florida, the State of New York, or both.

6.      As Phoenix and the Trust are citizens of different states, a diversity of citizenship

exists.

7.      As set forth more fully below, this case involves an adjudication of the rights and

obligations under an insurance policy with a face amount far in excess of $75,000.  Additionally,

---

[1] The addresses for Edwin Fuld (and presumably for his wife Erica Fuld) during the application process for the life insurance policy at issue are in Florida.  Phoenix's research indicates that Mr. and Mrs. Fuld do not own real property in Florida, but do own real property in the state of New York.  It is currently unclear whether Mr. and Mrs. Fuld maintain a primary residence in Florida or in New York.  Regardless, as neither are a resident of Connecticut, and Phoenix is neither a citizen of New York nor Florida, diversity between the parties exists.

this case involves an adjudication of the disbursement of premiums paid on this policy, also far in excess of $75,000.

8.      The Trust is subject to the personal jurisdiction of this Court, as the Trustee is a resident of Florida and the Trust was established under Florida law.

9.      This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

10.     Venue is proper for this action pursuant to 28 U.S.C. §1391, since its Trustee is located in Duval County, and the insurance Policy at issue is governed by Florida law.   In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of Florida.

### III.
### FACTUAL BACKGROUND

11.     Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

12.     On or about November 16, 2007, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Edwin Fuld ("Fuld").

13.     In completing the Application, Fuld and the Trust provided Phoenix with material information regarding, among other things, Fuld's net worth and income.   In completing the application, Fuld and the Trust knew that they were required to provide complete, accurate and honest answers to the questions presented on the Application.   Fuld and the Trust also knew that

Phoenix would rely upon the answers recorded on the Application in determining whether Fuld was insurable and qualified for the insurance sought through the Application.

14.     Fuld and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Fuld's net worth and annual income.  In response to these questions, the Application represented that Fuld had a net worth of $68,800,000 and other annual income of $6,900,000.  As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

15.     Additionally, during the application process, Fuld and the Trust represented that the life insurance was being sought for "estate planning."  This statement was false and was material to Phoenix's acceptance of the risk assumed.

16.     The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

17.     On the basis of the statements and representations on the Application and in reliance upon Fuld's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix issued life insurance policy number 97525887 (the "Policy") to the Trust, with an effective date of December 12, 2007.  The Policy's death benefit is $15,000,000.

18.     Upon information and belief, contrary to the representations contained on the Application, Fuld did not have a net worth of $68,800,000 or an annual unearned income of $6,900,000 on the date of the Application.  Phoenix assets that the statements made during the application process with respect to Fuld's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

19.     Had Fuld and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms.  As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to, commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

20.     Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## IV.
## DECLARATORY JUDGMENT

21.     Phoenix incorporates herein each of its allegations contained in paragraphs 1–15 above.

22.     Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that Fuld and the Trust made on the Application, and as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

23.     Phoenix seeks, following rescission of the Policy, an equitable distribution of the premiums paid on the Policy.  More specifically, Phoenix seeks a distribution of the premiums making Phoenix whole for the damages it has suffered as a result of the Policy's issuance, as set forth above.

24.     Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

25.     To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

# V.
## <u>CONCLUSION</u>

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, PHL Variable Insurance Company demands judgment against The Edwin Fuld Life Insurance Trust November 2007 as follows:

      (a)     an order declaring and adjudging the Policy of life insurance bearing policy Number 97525887 to be null and void and rescinded, *ab initio*;

      (b)     an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

      (c)     an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sales representatives arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

      (d)     an order awarding costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

      (e)     an order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated: January 5, 2009

                            PETT FURMAN, PL
                            Attorneys for Plaintiff
                            2101 N.W. Corporate Blvd., Suite 316
                            Boca Raton, FL 33431
                            (561) 994-4311
                            (561) 982-8985 fax

                            By:   /s Wendy L. Furman
                                  WENDY L. FURMAN
                                  Fla. Bar No. 0085146

wfurman@pettfurman.com

ATTORNEYS FOR PLAINTIFF PHL
VARIABLE INSURANCE COMPANY

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

Thomas F.A. Hetherington
Texas Bar No. 24007359
Jarrett E. Ganer
Texas Bar No. 24055520
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jarrett.ganer@emhllp.com