UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>Plaintiff<br><br>vs.<br><br>THE EDWIN FULD LIFE INSURANCE TRUST NOVEMBER 2007, by and through its trustee of record, ROBERT D. WILCOX, ESQ.,<br><br>Defendant.<br><br>THE EDWIN FULD LIFE INSURANCE TRUST NOVEMBER 2007, by and through its trustee of record, ROBERT D. WILCOX, ESQ.,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>ROBERT FINK; and BEST PRACTICES OF AMERICA, LLC,<br><br>Third-Party Defendants. | No. 3:09-cv-1222-34-JRK |

**DEFENDANT'S THIRD-PARTY COMPLAINT AGAINST ROBERT FINK
AND BEST PRACTICES OF AMERICA LLC**

Defendant and Cross-Plaintiff The Edwin Fuld Life Insurance Trust November 2007 ("The Fuld Trust"), by and through its trustee of record, Robert D. Wilcox, Esq., files these Third-Party Claims against Robert Fink ("Fink") and Best Practices of America, LLC ("BPA"), as follows:

## PARTIES

1.     Third-Party Plaintiff The Fuld Trust is organized under the laws of Florida, and its sole Trustee is a resident of the state of Florida and maintains a place of business at 800 West Monroe Street, Jacksonville, Florida.

2.     Third-Party Defendant Fink is the insurance producer of the Policy and acted as Phoenix's agent. Upon information and belief, Third-Party Defendant Fink is a citizen of the state of California.

3.     Third-Party Defendant BPA acted as the brokerage general agency. Upon information and belief, Third-Party Defendant BPA maintains its principal place of business in California.

## JURISDICTION AND VENUE

4.     This Court has supplemental jurisdiction over this controversy pursuant to 28 U.S.C. § 1367(a), because Third-Party Plaintiff's claims relate to the same case or controversy as the Plaintiff's original action for declaratory relief.

5.     Venue in this jurisdiction is proper under 28 U.S.C. § 1391(a) because The Fuld Trust maintains a place of business in this district.

## FACTUAL BACKGROUND

6.     On or about November 16, 2007, The Fuld Trust, by and through its Trustee, signed an application for a life insurance policy with Phoenix to insure the life of Edwin Fuld (the "Application"). Neither The Fuld Trust nor its Trustee furnished information on the Application concerning Mr. Fuld's net worth, income, or reason for obtaining life insurance; nor did The Fuld Trust and its Trustee have any knowledge concerning the same. Neither The Fuld Trust nor the Trustee had any reason to believe

that the statements made in the Application concerning Mr. Fuld's net worth, income, and reason for obtaining life insurance were anything but full, complete, and true to the best knowledge and belief of Mr. Fuld.

7. On information and belief, Fink and/or individuals acting on behalf of Fink assisted Mr. Fuld in completing and submitting the Application. Fink signed the Application as Phoenix's agent, affirming that he had truly and accurately recorded on the application the information supplied by Mr. Fink. On information and belief, Fink, acting as Phoenix's agent, did not verify the statements concerning Mr. Fuld's net worth, annual income, and reason for obtaining life insurance, and had full knowledge or remained willfully ignorant of any alleged misrepresentations in the Application.

8. Phoenix issued life insurance policy number 97525887 (the "Policy") to The Fuld Trust, with an effective date of December 12, 2007, with a death benefit of $15,000,000. On information and belief, neither Phoenix nor its agent Fink nor BPA conducted due diligence to verify the accuracy of the statements made in the Application prior to issuing the Policy, and Phoenix and its agent Fink and BPA knew or remained willfully ignorant of any alleged misrepresentations in the Application. On information and belief, neither Phoenix nor BPA had sufficient policies and procedures in place to prevent agents, such as Fink, from submitting falsified applications for life insurance in order to receive large commissions, and remained willfully ignorant of the same.

9. Phoenix accepted approximately $618,220 in premium payments on the Policy.

10. Both Fink and BPA benefitted from the issuance of the Policy because they collected commissions and expense payments from Phoenix in the amount of $556,398 and $123,644, respectively.

11. On information and belief, Phoenix had no intention of ever honoring the Policy due to the alleged misrepresentations in the Application. The Policy was to become incontestable two years after its issue date. Just one day before the expiration of this two year period, Phoenix filed its Complaint in this Court alleging that the Application for the Policy misrepresented Mr. Fuld's income, net worth, and the reason for obtaining life insurance. Phoenix seeks rescission of the Policy and an order declaring the Policy void *ab initio* (from the beginning) because it alleges that Edwin Fuld and The Fuld Trust made false statements on the Application concerning Mr. Fuld's income, net worth, and reason for obtaining insurance.

12. Phoenix's Second Amended Complaint seeks to retain from the premiums paid an offset for all commissions and expense payments that it paid to Fink and BPA. Phoenix also seeks an offset for all damages incurred as a result of the Policy's issuance and subsequent investigation, including attorneys' fees. Thus, Phoenix seeks to retain the entire $618,220 in premiums paid under the Policy, based on alleged misrepresentations of which it and Fink, acting on Phoenix's behalf, and BPA knew or remained willfully ignorant.

13. In the event that it is determined that Phoenix is entitled to an equitable distribution or offset of the premiums paid on the Policy, Fink and BPA should be required to reimburse, indemnify, contribute, or otherwise pay to The Fuld Trust the monies received from Phoenix in connection with the Policy.

## COUNT 1:
## Contract Implied in Law/Unjust Enrichment

14. The Fuld Trust incorporates the above paragraphs as if set forth herein.

15. The Fuld Trust has conferred a benefit on both Fink and BPA, and such benefit was not gratuitously conferred. Both Fink and BPA benefited from The Fuld Trust's purchase of the Policy, for which approximately $618,220 in premiums were paid to Phoenix on behalf of The Fuld Trust. Phoenix, in turn, made commissions and expense payments to Fink in the amount of $556,398, and to BPA in the amount of $123,644.

16. Both Fink and BPA knew that the benefits conferred on them was as a result of The Fuld Trust's purchase of the Policy, and had The Fuld Trust not purchased the Policy, or had Phoenix not approved the purchase of the Policy, neither Fink nor BPA would have received such commissions and expense payments.

17. On information and belief, both Fink and BPA accepted the commissions and expense payments. In the event the Policy is rescinded, it would be inequitable and wrongful for Fink and BPA to retain such commissions and expense payments.

18. Because it would be unjust for Fink and BPA to retain the benefit of commissions and expense payments for a policy that is rescinded, in the event the Policy is rescinded, Fink and BPA are required to disgorge such benefits.

## COUNT 2:
## Common Law Indemnity

19. The Fuld Trust incorporates the above paragraphs as if set forth herein.

20. Fink and BPA are liable under the common law doctrine of indemnity for the damages Phoenix alleges it suffered in the form of commissions and expense payment

to Fink and BPA for selling the Policy, which Phoenix seeks to recover from The Fuld Trust.

21. The Fuld Trust is wholly without fault with regard to the matters raised in the underlying action by Phoenix and the damages Phoenix alleges it suffered.

22. To the extent that Phoenix suffered any damages as a result of the Policy's issuance, Fink and BPA are at fault for all such damages because Fink and BPA collected commissions and expense payments for the sale of a Policy that they knew or should have known contained alleged misrepresentations.

23. To the extent The Fuld Trust is liable to Phoenix for any damages it suffered as alleged in the First Amended Complaint, The Fuld Trust is liable only because it is vicariously, constructively, derivatively, or technically liable for the wrongful acts of Fink and BPA, and Fink and BPA should discharge the duty satisfied by, or to be satisfied by The Fuld Trust.

## **PRAYER FOR RELIEF**

Wherefore, The Fuld Trust requests judgment be entered in its favor and that the Court enter an order granting the following relief:

1. awarding The Fuld Trust compensatory damages in an amount to be determined at trial but not less than $618,000;

2. awarding The Fuld Trust its attorney's fees, prejudgment and post-judgment interest, costs, and disbursements; and

3. awarding The Fuld Trust such other and further relief as this Court may deem just and proper.

DATED: September 27, 2010

Respectfully submitted,

SUSMAN GODFREY L.L.P.

 /s/ Rachel S. Black
Rachel S. Black (Admitted *pro hac vice*)
  Washington State Bar No. 32204
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Email: rblack@susmangodfrey.com
Phone: (206) 516-3899
Fax: (206) 516-3883

Steven G. Sklaver (Admitted p*ro hac vice*)
  California State Bar No. 237612
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Email: ssklaver@susmangodfrey.com
Phone: 310-789-3123
Fax: 310-789-3014

BEDELL, DITTMAR, DeVAULT,
  PILLANS & COXE
Allan F. Brooke II, FL Bar No. 994413
Email: afb@bedellfirm.com
Amanda Eaton Ferrelle, FL Bar No. 913251
Email: aef@bedellfirm.com
101 East Adams Street
Jacksonville, FL 32202
Phone: (904) 353-0211
Fax: (904) 353-9307

Attorneys for The Edwin Fuld Life Insurance Trust November 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Wendy L. Furman, Partner
Pett Furman, PL
2101 NW Corporate Blvd., Suite 316
Boca Raton, FL 33431
    Email: wfurman@pettfurman.com

Thomas F. A. Hetherington, Partner
Edison, McDowell & Hetherington LLP
3200 Southwest Freeway, Suite 2920
Houston, TX 77027
    Email: tom.hetherington@emhllp.com

Jarrett E. Ganer,
Edison, McDowell & Hetherington LLP
3200 Southwest Freeway, Suite 2920
Houston, TX 77027
    Email: jarrett.ganer@emhllp.com

ATTORNEYS FOR PLAINTIFF


    */s/ Rachel S. Black*